# United States Court of Appeals
## For the First Circuit

No. 10-2327

POWERCOMM, LLC,

Plaintiff, Appellant,

v.

HOLYOKE GAS & ELECTRIC DEPARTMENT;
JAMES M. LAVELLE; BRIAN C. BEAUREGARD;
JEFFREY BROUILLARD; MICHAEL COSTELLO; CHARLES L. MARTEL,

Defendants, Appellees.

Before
Boudin, Selya and Dyk,[*]
Circuit Judges.

**ORDER OF COURT**
**Entered: October 20, 2011**

**Per Curiam**.   Only one matter raised in the petition for panel rehearing requires comment.  The petition asserts that the opinion wrongly credited Delgado with the estimate, reflected in a spreadsheet, that Willco's bid on the 2007 contract was 19 percent lower than PowerComm's bid; it also asserts that the decision overlooked and failed to address PowerComm's argument and evidence showing that Brouillard--who did review the bid figures and seemingly is responsible for the 19 percent cost calculation--

---

[*]Of the Federal Circuit, sitting by designation.

provided a slanted and inaccurate assessment that caused PowerComm to lose the contract.

The decision did inaccurately attribute the estimate to Delgado rather than Brouillard, repeating a statement made in the district court's opinion that PowerComm never clearly challenged in its appeal. The panel opinion is now being corrected in this and a related respect by an errata. In any event, the claim now made by PowerComm that Brouillard provided an inaccurate and slanted assessment appears nowhere in a coherent form in PowerComm's briefs, which is why no such issue was discussed in the decision. Thus, that argument, now made in the petition, is itself forfeit.

It also lacks merit. The three pieces of evidence on which PowerComm now relies, although mentioned in scattered references in the briefs, do not create a colorable jury issue or allow a jury to conclude the 19 percent figure was either inaccurate or slanted. None says that the 19 percent figure is inaccurate; and any inferences suggested are refuted by evidence in the record. Specifically, the items are:

> --an excerpt from a PowerComm expert's report saying that the cost comparison may be incomplete and that if the formula used for costing were omitted from bid specs, this might allow unfairness; but the expert said he did not know whether it was omitted, and he did not assert, let alone show, that the formula was wrong or improperly favored the winning bid.
>
> --a September 18, 2007, letter from Brouillard to Willco stating that HG&E would pay "all" Willco employees at the "General Foreman" rate; but Willco's head manager confirmed that this was a misstatement--the

actual discussion between them was that <u>he</u> would get that top rate; and Brouillard's superior, Beauregard, confirmed that only the general manager would ever have received the top rate.

--Brouillard's January 31, 2008, e-mail to Beauregard, saying that PowerComm's 2007 bidding rates were "minimum realistic pricing to be obtained on the rebid"; <u>but</u> after the original 2007 award and before the new bidding, Willco signed a union contract that PowerComm's own brief acknowledged would substantially raise its costs.

In short, neither in its briefs nor in the rehearing petition has PowerComm pointed to credible record evidence to show that the 19 percent figure was inaccurate, let alone deliberately slanted. Indeed, if that argument had been made--and supported by a serious expert assessment devoted to that subject--the spreadsheet would have been a central subject of analysis and its authorship likely would have become clear.

The petition for rehearing is <u>denied</u>.

By the Court:
<u>/s/ Margaret Carter, Clerk</u>

cc: Hon. Michael A. Ponsor, Ms. Sarah Thornton, Clerk, United States District Court for the District of Massachusetts, Mr. Albro, Mr. Battey, Mr. Ferriter & Mr. Bohn.